UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY, et al., <br> Plaintiffs, <br> v. <br> PEOPLE['S] REPUBLIC OF CHINA, et al., <br> Defendants. | Case No. 20-cv-07344-YGR (PR) <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On October 20, 2020, Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed the present *pro se* prisoner "Class Action Complaint" on behalf of himself and additional Plaintiffs, who are also inmates at PBSP, purporting to represent all "incarcerated inmates in the State of California for damages and equitable relief suffered as a result of the Coronavirus pandemic, against the Defendants, the People's Republic of China . . . ." Dkt. 1 at 2.[1]  Plaintiff Stuckey's request is construed as a motion for certification of a class action pursuant to Federal Rule of Civil Procedure 23(b). The prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.  *See* Fed. R. Civ. P. 23(a). However, *pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, *see Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Therefore, this action cannot proceed as a class action. Accordingly, Plaintiff Stuckey's motion

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

for certification of a class action is DENIED.  The additional named Plaintiffs, who are all inmates at PBSP, are DISMISSED as Plaintiffs from this action without prejudice.

The Court now turns to whether Plaintiff Stuckey, the only remaining named Plaintiff and a repeat filer in this Court, may proceed with this action.  On October 20, 2020, which is the same date this action was filed, the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application.  Dkt. 2.  The Clerk sent Plaintiff a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.  More than twenty-eight days have passed and Plaintiff has neither paid the filing fee nor returned the *in forma pauperis* application.  Instead, the record shows that Plaintiff has only submitted his Certificate of Funds and his six-month prison trust account statement.  Dkt. 5.  However, Plaintiff has not complied with the Clerk's notice to either file a complete IFP application or pay the filing fee.

Accordingly, this federal civil rights action is DISMISSED without prejudice.  *See* Fed. R. Civ. P. 41(b).  Because this dismissal is without prejudice, Plaintiff may move to reopen the action.  Any such motion **must** contain a complete IFP application (or full payment for the $400.00 filing fee).  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:  December 15, 2020

YVONNE GONZALEZ ROGERS
United States District Judge