UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>    Plaintiff,<br><br>v.<br><br>PEOPLE['S] REPUBLIC OF CHINA, et al.,<br><br>    Defendants. | Case No. 20-cv-07344-YGR (PR)<br><br>**ORDER REOPENING ACTION; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY (1) HIS IFP STATUS SHOULD NOT BE DENIED AND (2) THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915** |

**I.  BACKGROUND**

This federal civil rights action was dismissed on December 15, 2020 because Plaintiff failed to perfect his application to proceed *in forma pauperis* ("IFP").  Dkt. 7.  He since has perfected his IFP application (Dkts. 12, 15), and he has filed a motion to reopen (Dkt. 10).  The Court GRANTS Plaintiff's motion to reopen, and the action is REOPENED.

On October 20, 2020, Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed the present *pro se* prisoner "Class Action Complaint" on behalf of himself and additional Plaintiffs, who are also inmates at PBSP, purporting to represent all "incarcerated inmates in the State of California for damages and equitable relief suffered as a result of the Coronavirus pandemic, against the Defendants, the People's Republic of China . . . ."  Dkt. 1 at 2.[1]  In its December 15, 2020 Order, the Court denied Plaintiff's motion for certification of a class action.  Dkt. 7 at 1-2.  The additional named Plaintiffs, who were all inmates at PBSP, were dismissed as Plaintiffs from this action without prejudice.  *Id.*

As mentioned, Plaintiff seeks leave to proceed IFP.  Dkts. 12, 15.

In one of Plaintiff's other pending actions, *Stuckey v. Sturdevant*, No. 20-cv-01898 (N.D. Cal.), Defendant PBSP Correctional Officer C. Sturdevant filed a motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g).  *See* Dkt. 13 in Case No. 20-cv-01898.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1    Having read and considered the papers submitted in Case No. 20-cv-01898, and being fully

2 informed, the Court directs Plaintiff to show cause why his IFP status should not be denied in *this*

3 action and why it should not be dismissed pursuant to 28 U.S.C. § 1915(g)

## II.   DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule."  The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals."  *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*").  Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes.  *See id.*  Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear

the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that allows the district court to conclude that the prisoner plaintiff has suffered at least three prior dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's denial of IFP status and dismissing complaint without prejudice under section 1915(g)).

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court and in the United States District Court for the Central District of California reveals that Plaintiff has had at least three cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Stuckey v. Grebinski*, No. 2:12-cv-06875 (C.D. Cal.) (district judge of the Central District adopted the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed IFP because the complaint was frivolous); (2) *Stuckey v. Grebinski*, No. 2:12-cv-08438 (C.D. Cal.) (same); and (3) *Stuckey v. Trump, et al.*, Case No. 19-cv-03688 (N.D. Cal.) (civil rights action dismissed for failure to state a claim). *See* Dkt. 13 at 2-3; Dkt. 13-1 at 4-21 (Exs. A-C) in Case No. 20-cv-01898. In Case No. 20-cv-01898, the Court has reviewed all three dismissals in the aforementioned cases (which were all entered before the instant action was brought by Plaintiff on August 21, 2020), and it has determined that they may be counted as dismissals for purposes of section 1915(g). Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing the instant action. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v.*

1  *O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.

**III.  CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court GRANTS Plaintiff's motion to reopen, and the Clerk of the Court shall REOPEN the file.  Dkt. 10.  The Clerk is directed to modify the docket accordingly.  The judgment (Dkt. 8) and the Order of Dismissal (Dkt. 7) are VACATED.

2. In light of the three dismissals outlined above, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than **twenty-eight (28) days** from the date of this Order why his IFP status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under section 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

**Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice to Plaintiff.**

3. Plaintiff's motion for certification of a class action has already been denied in the Court's December 15, 2020 Order, and therefore his newly-filed motion for certification of a class action is DENIED as moot.  Dkt. 14.

4. This Order terminates Docket Nos. 10 and 14.

IT IS SO ORDERED.

Dated:  March 1, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge