UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PEOPLE['S] REPUBLIC OF CHINA, et al.,<br><br>    Defendants. | Case No. 20-cv-07344-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

On October 20, 2020, Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed the present *pro se* prisoner "Class Action Complaint" on behalf of himself and additional Plaintiffs, who are also inmates at PBSP, purporting to represent all "incarcerated inmates in the State of California for damages and equitable relief suffered as a result of the Coronavirus pandemic, against the Defendants, the People's Republic of China . . . ." Dkt. 1 at 2.[1] In its December 15, 2020 Order, the Court denied Plaintiff's motion for certification of a class action. Dkt. 7 at 1-2. The additional named Plaintiffs, who were all inmates at PBSP, were dismissed as Plaintiffs from this action without prejudice. *Id.*

Plaintiff has filed requests for leave to proceed *in forma pauperis* ("IFP"). Dkts. 12, 15. He has also filed an amended complaint, which is the operative complaint in this matter. Dkt. 13.

On March 1, 2021, in its Order to Show Cause, the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). These qualifying dismissals were issued in the following cases (filed in this district and in the United States District Court for the Central District of California): Case Nos. 2:12-cv-0687, 2:12-cv-08438, and 19-cv-

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1    03688. *See* Dkt. 17 at 3. Consequently, the Court ordered Plaintiff to show cause why the action

2    should not be dismissed pursuant to 28 U.S.C. § 1915 (g). *See Andrews v. King*, 398 F.3d 1113,

3    1121 (9th Cir. 2005).

On March 17, 2021, Plaintiff filed his response to the Order to Show Cause wherein he seems to contest the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of section 1915(g). Dkt. 18. Plaintiff also disputes that he has accrued three qualifying dismissals under section 1915(g). *See id.* at 2. Plaintiff concedes that all three cases were dismissed as frivolous or failing to state a claim for relief, but contends that his dismissals in Case Nos. 2:12-cv-06875 and 2:12-cv-08438 do not count because they were "two separate complaints that were based on the same operative facts." *Id.*

The Court finds that Plaintiff offers no meaningful dispute that he has accrued three qualifying dismissals under § 1915(g). The PLRA contains no exception for duplicate litigation and that the PLRA's three-strikes rule applies regardless of whether the plaintiff's claim is well-pleaded or brought in good faith. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016). The central inquiry in determining whether dismissals qualify as strikes, is whether the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Id.* Thus, the Court finds that these bells were unequivocally sounded in each of Plaintiff's dismissals as the respective district courts not only found them to be frivolous, but also found that he failed to state claims upon which relief may be granted.

In Case No. 2:12-cv-06875, the magistrate judge recommended to deny Plaintiff's request to proceed IFP because his complaint was "frivolous, malicious, and fail[ed] to state a claim for relief." Dkt. 13-1 at 7 (Ex. A) in Case No. 20-cv-01898 YGR (PR). Meanwhile in Case No. 2:12-cv-08438, the magistrate judge recommended to deny Plaintiff's request to proceed IFP for the same reasons as Case No. 2:12-cv-06875. *Id.* at 12. In both cases, the magistrate judge also specifically stated that: "This denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); *see O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)." *Id.* at 7, 12. And, the Central District adopted the magistrate judges' findings and recommendations in both cases and denied Plaintiff's requests to proceed IFP. *Id.* at

2

6, 11. Plaintiff does not dispute that his third case, which was in this district, Case No. 19-cv-03688 was dismissed as being both frivolous and failing to state a claim. *See* Dkt. 17 at 1-2 in Case No. 20-cv-01898 YGR (PR). He is not challenging that frivolousness and failure to state a claim are qualifying reason for a strike under section 1915(g). Therefore, the Court finds that the three aforementioned cases, Case Nos. 2:12-cv-0687, 2:12-cv-08438, and 19-cv-03688, were dismissed for a qualifying reason under section 1915(g), and therefore count as strikes. *See Andrews I*, 398 F.3d at 1120. In sum, Plaintiff's three aforementioned dismissals constitute "strikes" under section 1915(g). Thus, his IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under section 1915(g).

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury). It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

3

Here, Plaintiff makes conclusory allegations that he faced an imminent danger of serious physical injury at the time he filed his original complaint on October 20, 2020. *See* Dkt. 18 at 1. Plaintiff states in a conclusory fashion that "at the time of filing his complaint . . . he was (1) infected and/or exposed to the COVID-19 virus; (2) denied medical, dental and mental health care; (3) denied access to religious services and visitation; (4) [exposed to] disruption of regular activities and life; (5) fear, emotional distress and physical injuries, due to the Defendants['] actions which are outlined in [his] amended complaint, which includes statutory predicates for civil jurisdiction over China and Chinese officials related to the spread of coronavirus . . . ." *Id.* First, the Court notes Plaintiff is not suing prison officials in this action for any of the alleged aforementioned constitutional violations dealing with his conditions of confinement, instead he is suing "for damages and equitable relief suffered as a result of the Coronavirus pandemic, against the Defendants, the People's Republic of China . . . ." Dkt. 1 at 2; Dkt. 13 at 3. Even when liberally construed, it cannot be said that any of the Defendants' alleged actions placed Plaintiff under imminent danger of serious physical injury at the time of filing, mainly because none of the named Defendants are prison officials. Instead, Plaintiff claims in a conclusory fashion that the named Defendants are "the People's Republic of China and its various government entities and officials who engaged in the creation and release, accidental or otherwise, of a variation of coronavirus known as COVID-19 as a biological weapon." Dkt. 13 at 3. From what the Court can decipher from his response, the Court finds that Plaintiff has not otherwise shown that he was in imminent danger of serious physical injury or subject to an "ongoing danger" at the time he filed either his complaint or amended complaint. *See Abdul-Akbar*, 239 F.3d at 312. Consequently, the Court finds that Plaintiff has not shown cause why this case should not be dismissed and IFP should not be denied under Section 1915(g).

In sum, Plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under section 1915(g), *see Andrews*, 398 F.3d at 1120-21, and his response to the Court's Order to Show Cause fails to establish that section 1915(g) does not apply.

Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's refiling his

4

claims in a new case in which he pays the filing fee, and the amended complaint, filed December 30, 2020 (dkt. 13), is hereby STRICKEN.  Plaintiff's requests to proceed IFP are DENIED.  Dkts. 12, 15.

The Clerk of the Court shall terminate all other pending motions as moot (dkt. 18) and close the file.

This Order terminates Docket Nos. 12, 15 and 18.

IT IS SO ORDERED.

Dated: 7/12/2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

5